SEAN M. NOVAK, ESQ. (State Bar No. 198307)
**THE NOVAK LAW FIRM, P.C.**
8383 Wilshire Boulevard, Suite #634
Beverly Hills, California 90211
Telephone: (323) 424-4313
Facsimile: (323) 424-4357

Attorneys for Plaintiff
LISA BRYANT

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES-CENTRAL DISTRICT**

LISA BRYANT,

Plaintiff,

v.

WALMART, INC.; and DOES 1 to 99, inclusive,

Defendants.

CASE NO.: 20STCV14174

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

**1. PREMISES LIABILITY;**
**2. NEGLIGENCE**

**[DEMAND FOR TRIAL BY JURY]**

**COMES NOW** Plaintiff LISA BRYANT and alleges as follows:

1. At all relevant times Plaintiff LISA BRYANT was and is an individual who is a resident of the State of California, living in the County of Los Angeles in the State of California.

2. Plaintiff is informed and believes, and thereon alleges, that at all relevant times defendant WALMART, INC. (hereinafter referred to as defendant "WALMART") was and is a business entity, business form unknown, authorized to conduct business, and conducting business, in the State of California, with a principal places of business located in the City of Los Angeles, County of Los Angeles, in the State of California.

///

3. The true names or capacities, whether individual, corporate, associate or otherwise, of the Defendants designated herein as Does 1 to 99, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and Plaintiff will seek leave to amend this Complaint at such time as the true names and/or capacities are ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as a Doe is negligently or otherwise responsible in some manner for the events and happenings referred to, and negligently caused the injuries and damages to Plaintiff as herein alleged.

4. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned defendants WALMART, and DOES 1 to 99, inclusive, and each of them, were the agents, representatives and/or employees of each other and were acting within the purpose and scope of their agency. The acts and conduct alleged herein of each such defendant were known to, authorized and ratified by each such defendant.

5. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each Defendant, whether known or unknown and whether sued by name or as a Doe defendant, was the agent, employee and/or employer of each of the remaining Defendants and was acting within the scope and course of said agency and employment.

6. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, defendants WALMART, and DOES 1 to 99, inclusive, and each of them, were in possession of and owned, operated, maintained, repaired, inspected, and controlled that certain real property and improvements, including all stairways, identified as a property located at the common areas on the subject premises identified as "Walmart Neighborhood Market" located at 14441 Inglewood Ave, Hawthorne, CA 90250 (hereinafter referred to as "the subject premises").

7. Plaintiff is informed and believes, and thereon alleges that at all relevant times, defendants WALMART, and DOES 1 to 99, inclusive, and each of them, operated and maintained the subject premises as a retail store, with common areas open to the public and/or invitees on the premises.

8. The true names or capacities, whether individual, corporate, associate or otherwise, of the Defendants designated herein as Does 1 to 99, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and Plaintiff will seek leave to amend this Complaint at such time as the true names and/or capacities are ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as a Doe is negligently or otherwise responsible in some manner for the events and happenings referred to, and negligently caused the injuries and damages to Plaintiff as herein alleged.

9. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each Defendant, whether known or unknown and whether sued by name or as a Doe defendant, was the agent, employee and/or employer of each of the remaining Defendants and was acting within the scope and course of said agency and employment.

10. On or about April 16, 2018, Plaintiff LISA BRYANT was lawfully upon the subject premises as a visitor and patron.

9. As Plaintiff was shopping as a customer in Defendants' store, Plaintiff suddenly fell as a result of dangerous and defective conditions on the premises. Said dangerous conditions include, but are not limited to, improperly maintained common areas including flooring, floor materials, dangerous or non-existent anti-slip/anti-trip materials on the flooring and other dangerous conditions that were improperly permitted to exist on the premises in such a manner as to constitute a dangerous and unreasonable slip/trip and fall hazard. Plaintiff thereby sustained injuries to Plaintiff's person as a result of the fall.

10. Plaintiff is informed and believes, and thereon alleges, that at all relevant times in or about April 16, 2018, defendants were solely responsible for inspection, maintenance and repair of the subject premises. Plaintiff is further informed and believes that defendants failed and refused to undertake competent inspection, maintenance and repair of the subject premises, causing Plaintiff's fall and related injuries and damages.

**FIRST CAUSE OF ACTION**

**(PREMISES LIABILITY)**

(Alleged Against All Defendants)

11. Plaintiff incorporates herein by reference all the allegations set forth in paragraphs 1 through 10, inclusive, in their entirety as if fully set forth herein and with the same force and effect.

12. Plaintiff is informed and believes, and thereon alleges, that since at all relevant times defendants, and each of them, operated and maintained the subject premises as a grocery store open to the public. As such, said defendant had a duty to maintain and repair said premises, in order to keep them in a safe manner, and free from hazards and dangers.

13. Plaintiff is further informed and believes, and thereon alleges, that the afore-described dangerous and defective conditions were caused and created by the defendants, and each of them, and their agents, representatives and employees, thereby giving said defendants actual notice to correct and make safe the subject premises. In spite of said notice, defendants never took action to correct or eliminate the dangerous and defective condition of the premises.

14. The afore-described condition of the subject premises were dangerous and defective in that the subject premises as designed, maintained, controlled and supervised by defendants represented and constituted a dangerous condition on premises and a hazard to persons on the premises. Furthermore, there were no warnings present to alert persons such as Plaintiff of the presence of the dangerous conditions.

15. As a direct and proximate result of the afore-described carelessness and negligence of defendants, and each of them, in allowing the aforesaid dangerous and defective conditions to exist, and improperly controlling, inspecting, maintaining and designing the subject premises, and causing the same to be dangerous, Plaintiff sustained the hereinafter described injuries and damages.

16. At all relevant times, defendants and each of them, owed a duty to Plaintiff, as an visitor and patron on the premises, to maintain, inspect and repair the subject premises in a manner so as to make the premises safe for persons on the premises. Defendants, and each of

them, further had a duty to warn Plaintiff of any dangers or hazards on the premises, and otherwise protect Plaintiff from such hazards and dangers. Defendants, and each of them, breached said duties by failing to protect Plaintiff, and failing to provide reasonable and necessary warnings to Plaintiff.

17. Plaintiff is informed and believes, and thereon alleges, that the misconduct of defendants, and each of them, is the proximate cause of all damages to Plaintiff herein alleged. The full nature and extent of Plaintiff's injuries and damages are not presently known, and Plaintiff shall seek leave to amend to include further and additional damages at a later time.

18. As a direct and proximate result of the misconduct of the defendants, and each of them, Plaintiff was seriously injured in health, strength and activity, sustaining injury to the body and shock and injury to the nervous system and person, all of which said injuries have caused, and continue to cause Plaintiff great physical, mental and nervous pain, suffering and anguish, all to her general damage in a sum in excess of the minimal jurisdictional requirements of this Court to be determined at some future date, according to law. Accordingly, Plaintiff will also seek prejudgment interest for all such damages.

19. As a further direct and proximate result of the misconduct of the defendants, and each of them, Plaintiff was required to, and did, employ physicians, surgeons and other health care practitioners to examine, treat and care for her, and did incur medical and incidental expenses. The exact amount of such expenses are unknown to Plaintiff at this time, and Plaintiff will ask leave to amend her Complaint to set forth the exact amount thereof when the same is ascertained.

20. As a further direct and proximate result of the misconduct of the Defendants, and each of them, Plaintiff sustained loss of earnings and earning capacity. The exact amount of such loss is unknown to Plaintiff at this time, and Plaintiff will ask leave to amend Plaintiff's Complaint to set forth the exact amount thereof when the same is ascertained.

**SECOND CAUSE OF ACTION**

**(NEGLIGENCE)**

(Alleged Against All Defendants)

21. Plaintiff incorporates herein by reference all the allegations set forth in paragraphs 1 through 20, inclusive, in their entirety as if fully set forth herein and with the same force and effect.

22. Plaintiff is informed and believes, and hereon alleges, that he was furthered injured due to negligent acts or omissions by agents, representatives or employees of defendants, and each of them.

23. Plaintiff is informed and believes, and hereon alleges, that at all relevant times defendants, and each of them, owed Plaintiff a legal duty and/or duties. Plaintiff is further informed and believes that defendants, and each of them, breached said duty and/or duties.

24. As a direct and proximate result of the negligence of the defendants, and each of them, Plaintiff was seriously injured in health, strength and activity, sustaining injury to the body and shock and injury to the nervous system and person, all of which said injuries have caused, and continue to cause Plaintiff great physical, mental and nervous pain, suffering and anguish, all to her general damage in a sum in excess of the minimal jurisdictional requirements of this Court to be determined at some future date, according to law. Accordingly, Plaintiff will also seek prejudgment interest for all such damages.

25. As a further direct and proximate result of the negligence of the defendants, and each of them, Plaintiff was required to, and did, employ physicians, surgeons and other health care practitioners to examine, treat and care for her, and did incur medical and incidental expenses. The exact amount of such expenses are unknown to Plaintiff at this time, and Plaintiff will ask leave to amend her Complaint to set forth the exact amount thereof when the same is ascertained.

26. As a further direct and proximate result of the negligence of the defendants, and each of them, Plaintiff sustained loss of earnings and earning capacity. The exact amount of

such loss is unknown to Plaintiff at this time, and Plaintiff will ask leave to amend Plaintiff's Complaint to set forth the exact amount thereof when the same is ascertained.

**WHEREFORE**, Plaintiff prays as follows:

**FIRST CAUSE OF ACTION**

1. For the principal amount of the value of Plaintiff's claim, subject to proof at trial;
2. For legal interest on the sum of Plaintiff's losses according to proof;
3. For damages for lost income, according to proof;
4. For special damages, according to proof;
5. For general damages, according to proof;
6. For court costs according to proof;
7. For pre-judgment interest;
8. For such other and further relief as the court may deem just and proper.

**SECOND CAUSE OF ACTION**

1. For the principal amount of the value of Plaintiff's claim, subject to proof at trial;
2. For legal interest on the sum of Plaintiff's losses according to proof;
3. For damages for lost income, according to proof;
4. For special damages, according to proof;
5. For general damages, according to proof;
6. For court costs according to proof;
7. For pre-judgment interest;
8. For such other and further relief as the court may deem just and proper.

## ALL CAUSES OF ACTION

1. For costs of suit incurred herein; and,
2. For such other and further relief as the court may deem just and proper.

DATE: April 10, 2020

**THE NOVAK LAW FIRM, P.C.**

BY: ____________________

SEAN M. NOVAK
Attorney for Plaintiff
LISA BRYANT