SEAN M. NOVAK, ESQ. (State Bar No. 198307)
**THE NOVAK LAW FIRM, P.C.**
8383 Wilshire Boulevard, Ste. 634
Beverly Hills, California 90211
Telephone: (323) 424-4313 | Facsimile: (323) 424-4357
smn@novaklawfirm.com

Attorney for Plaintiff
LISA BRYANT

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| LISA BRYANT; | ) CASE NO.: 2:20-CV-08328-ODW-E |
| Plaintiff, | ) *[Assigned for all purposes to the Honorable* |
| v. | ) *Judge Otis D. Wright]* |
| WALMART INC.; DOES 1 through 99, inclusive; | ) **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR AN ORDER REMANDING CASE TO STATE COURT PURSUANT TO 28 U.S.C. §1447(c); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SEAN M. NOVAK IN SUPPORT THEREOF AND [PROPOSED] ORDER FILED CONCURRENTLY HEREWITH** |
| Defendants. | ) |
| | ) **Date:** November 16, 2020 |
| | ) **Time:** 1:30 p.m. |
| | ) **Courtroom: 5D** |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on November 16, 2020 at 1:30 pm or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Judge Otis D. Wright in

- 1 -

Courtroom 5D of the United States District Court for the Central District of California, Western Division, located at 350 West 1st Street, Los Angeles, California 90012, Plaintiff LISA BRYANT will move for an order under 28 U.S.C. §1447(c) remanding this case back to State court.

Plaintiff's motion is made on the grounds that Defendant's removal of this matter from State court was untimely under 28 U.S.C. §1446(a).  Defendant had notice of facts sufficient to attempt removal of the matter as of June 11, 2020.  However, Defendant unjustifiably waited until September 11, 2020 to file a Notice of Removal in this matter.  As a result of the untimely removal, a remand of the matter to State Court is appropriate pursuant to 28 U.S.C. §1447(c).

This Motion is made following written and telephonic conferences of counsel pursuant to L.R. 7-3 which took place on September 21, 2020 through September 28, 2020.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the declaration of Sean M. Novak, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court at the time of the hearing.

Date: October 7, 2020                    **THE NOVAK LAW FIRM, P.C.**

By:    _____
Sean M. Novak, Esq.
Attorney for Plaintiff
LISA BRYANT

- 2 -

## **TABLE OF CONTENTS**

I. INTRODUCTION....................................................................-1-

II. ARGUMENT........................................................................-3-

    A.    THE BURDEN IS ON DEFENDANT TO ESTABLISH
            FEDERAL COURT JURISDICTION WITH ANY DOUBT
            TO BE RESOLVED IN FAVOR OR REMAND: .......................-3-

    B.    THIS ACTION SHOULD BE REMANDED AS
            DEFENDANT'S REMOVAL WAS UNTIMELY AS
            DEFENDANT'S THIRTY-DAY DEADLINE HAD ALREADY
            EXPIRED WHEN DEFENDANT FILED ITS NOTICE
            OF REMOVAL:....................................................-4-

    C.    THE MATTER SHOULD BE REMANDED AS
            DEFENDANT WAIVED ITS RIGHT TO REMOVAL BY
            ENGAGING IN DISCOVERY FOR APPROXIMATELY
            THREE (3) MONTHS WHILE THE MATTER WAS
            PENDING IN STATE COURT:...,,............................-8-

III. CONCLUSION.....................................................................-9-

i

1

## **TABLE OF AUTHORITIES**

2 Cases:

3 Abrego Abrego v. Dow Chemical Co., 443 F.3d 676 (9th Cir. 2006)................................-4-

4 Boggs v. Lewis, 863 F.2d 662 (9th Cir. 1988)......................................................-3-

5 Cantrell v. Great Republic Insurance Company, 873 F.2d 1249 (9th Cir. 1989)..................-5-

6 Caterpillar Inc. v. Lewis, 519 U.S. 61 (1996) .......................................................-3-

7 Dunn v. Gaiam, Inc., 166 F. Supp. 2d 1273 (C.D. Cal. 2001).................................-4,7-

8 Fritsch v. Swift Transp. Co. of Ariz., LLC, 899 F.3d 785 (9th Cir. 2018).........................-6-

9 Gaus v. Miles, Inc., 980 F.2d 564 (9th Cir. 1992)..................................................-4-

10 Gray v. Rite Aid Corp., 189 F. Supp. 2d 347 (D. Md. 2002)...........................................-6-

11 Harris v. Bankers Life & Cas. Co., 425 F.3d 689 (9th Cir. 2005)....................................-5-

12 Kaneshiro v. North American Co. for Life & Health Ins. 496 F. Supp. 452 (D HI 1980)..........-6-

13 Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088 (9th Cir. 1983)..................................-9-

14 Lee v. BMW of N.A., LLC, No. SACV 19-01722 JVS (ADSx), 2019 U.S. Dist. LEXIS 216086,

15 2019 WL 6838911 (C.D. Cal. Dec. 16, 2019) ...............................................................-7-

16 Maniar v. Federal Deposit Ins. Corp. 979 F.2d 782 (9th Cir. 1992)..................................-6-

17 Marin v. Target Corp. C.D.Cal. Sep. 9, 2020, No. 2:20-CV-3502-ODW (PJWx) 2020

18 U.S.Dist.LEXIS 164554 ).................................................................................-5,7-

19 Mielke v. Allstate Ins. Co. 472 F. Supp. 851 (ED MI 1979)..........................................-6-

20 Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999).........................-4-

21 Resolution Trust Co. v. Bayside Developers, 43 F.3d 1230 (9th Cir. 1994).........................-8-

22 Salveson v. Westerns States Bankcard Association, 731 F.2d1423(9th Cir. 1984)................-3-

23 Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209 (9th Cir. 1998) .......-5-

24 Things Remembered v. Petrarca, 516 U.S. 124 (1995)................................................-6-

25 Wilson v. Republic Iron and Steel Co., 257 U.S. 92 (1921)...........................................-3-

26

27

28

Statutes:

28 U.S.C. §1332...................................................................................-3-

28 U.S.C. §§1332(a)(1) ......................................................................-4,6-

28 U.S.C §1441(a)................................................................................-3-

28 U.S.C. §1446...................................................................................-4-

28 U.S.C. §1446(b)............................................................................-4,6-

28 U.S.C. §1446(c)(2)...................................................,,,,,...................-5-

28 U.S.C. §1446(c)(3)...................................................,,,,,...............-5,6-

28 U.S.C §1447(c)................................................................................-6-

Rules:

Federal Courts Jurisdiction and Venue Clarification Act of 2011, H.R. 394 P.L. 112............-4-

Federal Rules of Civil Procedure Rule 33(a)(1)..........................................................-9-

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

This matter arises out of a slip and fall incident that occurred on or about April 16, 2018 at Defendant Walmart Inc.'s Walmart Neighborhood Market store located at 14441 Inglewood Ave., Hawthorne, California 90250 (hereinafter referred to as "the subject premises"). <u>See</u> Plaintiff's Complaint, Page 2, ¶6, attached as Exhibit "1" to the Declaration of Sean M. Novak. At the time of the incident Plaintiff Lisa Bryant ("Plaintiff") was a legal invitee on Defendant Walmart Inc.'s ("Defendant") property. <u>Id.</u> at Page 3, ¶10.

On or about April 10, 2020 the Plaintiff filed her Complaint against Defendant in Los Angeles County Superior Court. <u>See id.</u> at Page 1. The first paragraph of the Complaint clearly alleges that at "at all relevant times Plaintiff LISA BRYANT was and is an individual who is a resident of the State of California, living in the County of Los Angeles in the State of California." <u>Id.</u> at Page 1, ¶1.

Defendant was served with the Complaint, and related service papers, on or about June 11, 2020. <u>See</u> Proof of Service, attached as Exhibit "2" to the Declaration of Sean M. Novak. The service papers included a Statement of Damages served with the Summons and Complaint pursuant to California Code of Civil Procedure §425.11. <u>See</u> Proof of Service, attached as Exhibit "2" to the Declaration of Sean M. Novak; <u>see also</u> Statement of Damages, attached as Exhibit "3" to the Declaration of Sean M. Novak. The Statement of Damages served on Defendant on June 11,2020 clearly asserts that Plaintiff's damages are well in excess of $75,000.00. <u>Id.</u>

Defendant does not dispute the service of the Complaint **and** the Statement of Damages took place on June 11, 2020. <u>See</u> Defendant's Notice of Removal, at Page 2, ¶2. Defendant asserts in its Notice of Removal filed with this Court on September 11, 2020 that at all relevant times the Defendant was, and is, a citizen of Delaware with its principal place of business in Arkansas. <u>See</u> Notice of Removal, Page 2, ¶9. Defendant cannot dispute that it would have

- 1 -

1  known of its own citizenship in the State of Delaware and Arkansas as of the date of service of

2  the Complaint and Statement of Damages on June 11, 2020.

3  Therefore, as of the date of service of June 11, 2020 of the Complaint and Statement of

4  Damages, the Defendant was put on notice of the potential for removal of this action to Federal

5  Court pursuant to 28 U.S.C. §1441(b)(3).  As such, Defendant was obligated to file a Notice of

6  Removal no later than thirty (30) days after service pursuant to 28 U.S.C. §1446(b)(1).  Instead,

7  on July 10, 2020 the Defendant filed an Answer in Los Angeles County Superior Court.  See

8  Defendant's Answer, attached as Exhibit "4" to the Declaration of Sean M. Novak.

9  Between July 10, 2020 and September 15, 2020, the Defendant proceeded to conduct

10  extensive written discovery in the State court action.  See Defendant's Discover Requests,

11  attached as Exhibits "5"-"8" to the Declaration of Sean M. Novak.  See Defendant's Subpoenas,

12  attached as Exhibit "9" to the Declaration of Sean M. Novak. Only after availing itself of the

13  State court's more liberal discovery procedures for approximately three (3) months did

14  Defendant then file its Notice of Removal of September 11, 2020. In fact, even after filing for

15  Removal to the federal system, Defendant continued to avail itself to more liberal discovery

16  procedures of state court by serving multiple subpoenas on September 15, 2020.  See Declaration

17  of Sean M. Novak, at ¶16.

18  In spite of the evidence to the contrary, Defendant claims that the Notice is timely

19  because Defendant filed it once Defendant "confirmed" that Plaintiff was a citizen of the State

20  of California and that Plaintiff's alleged damages could exceed $75,000.  See Notice of

21  Removal, at Page 3, ¶¶11-12.  However, Defendant had ample notice of Plaintiff's citizenship in

22  the State of California from the first paragraph alleged in Plaintiff's Complaint it admits it

23  received on June 11, 2020. Furthermore, Defendant had ample notice that Plaintiff's damages

24  are alleged to exceed $75,000 based on the Statement of Damages that was served along with

25  Plaintiff's Complaint on June 11, 2020.

26  On September 21, 2020 counsel for Plaintiff initiated a Meet and Confer process with

27  Defendant's counsel of record in advance of filing the instant Motion to Remand pursuant to

28  Rule 7-3 of the Local Rules for the Central District of California.  See Declaration of Sean M.

1  Novak, at ¶¶17-20; Electronic Mail Correspondence between Counsel dated April 25, 2020,

2  attached as Exhibit "10" to the Declaration of Sean M. Novak; <u>Marin v. Target Corp</u>.,

3  Conformed Complaint, Conformed Proof of Service and Service Packet are attached as Exhibit

4  "11" to the Declaration of Sean M. Novak.  The parties exchanged written correspondence

5  regarding their respective positions concerning the propriety of Defendant's removal of the

6  action.  <u>Id.</u> The parties also had a detailed meet and confer teleconference on September 28,

7  2020. In spite of the best efforts of Plaintiff's counsel through a meaningful Meet and Confer

8  process, the Defendant refused to stipulate to remand the matter. <u>Id.</u> As a result, Plaintiff has

9  been obligated to file the instant Motion to obtain necessary relief from the Court.

## II.

## <u>ARGUMENT</u>

12         Based on the undisputed evidence on the issues, there is NO legitimate justification for

13  Defendant to have delayed in removing this matter.  The failure of Defendant to timely seek

14  removal of this matter is sufficient grounds for the Court to order remand of the matter to State

15  Court pursuant to 28 U.S.C. §1447(c).

**A.**      **<u>THE BURDEN IS ON DEFENDANT TO ESTABLISH FEDERAL</u>**

**<u>COURT JURISDICTION WITH ANY DOUBT TO BE RESOLVED IN</u>**

**<u>FAVOR OF REMAND</u>:**

19         Defendant based its removal to Federal court in this matter on diversity of citizenship

20  pursuant to 28 U.S.C. §1332. When a plaintiff files in state court a civil action over which the

21  federal district courts would have original jurisdiction based on diversity of citizenship, the

22  defendant or defendants may remove the action to federal court.  <u>See</u> <u>Caterpillar Inc. v. Lewis</u>,

23  519 U.S. 61, 68 (1996).

24         Courts must strictly construe removal statutes in favor of state jurisdiction. <u>Boggs v.</u>

25  <u>Lewis</u>, 863 F.2d 662, 663 (9th Cir. 1988). Where the Court lacks subject matter jurisdiction over

26  an action, the action should be remanded. 28 U.S.C §1441(a). The burden of establishing federal

27  jurisdiction is on Defendants - the party who sought removal. <u>Wilson v. Republic Iron and Steel</u>

28  <u>Co.</u>, 257 U.S. 92, 97 (1921); <u>Salveson v. Westerns States Bankcard Association</u>, 731 F.2d1423,

1426 (9th Cir. 1984). In other words, if a plaintiff challenges a defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal.  See Abrego Abrego v. Dow Chemical Co., 443 F.3d 676, 685 (9th Cir. 2006); Gaus v. Miles, Inc., 980 F.2d 564, 556 (9th Cir. 1992).

In view of the strong presumption against removal jurisdiction, and the strict construction to which removal statutes are subjected, it is Defendants' burden to persuade the Court that the untimeliness of its original removal should be overlooked in deciding whether the current removal properly asserts jurisdiction in this Court. Dunn v. Gaiam, Inc., 166 F. Supp. 2d 1273, 1278 (C.D. Cal. 2001). Defendant cannot meet its burden to prove that removal was proper in this instance. In the present matter, the plain face of the Complaint and Statement of Damages that Defendant attached to the Notice of Removal reveal that Defendant's effort to remove the matter to Federal Court was untimely.  See Notice of Removal, at Pages 6; also see Plaintiff's Statement of Damages attached as Exhibit 3 to the Declaration of Sean M. Novak, which was also served upon Defendant on June 11, 2020.

**B.** **THIS ACTION SHOULD BE REMANDED AS DEFENDANT'S REMOVAL WAS UNTIMELY AS DEFENDANT'S THIRTY-DAY DEADLINE HAD ALREADY EXPIRED WHEN DEFENDANT FILED ITS NOTICE OF REMOVAL:**

Defendant may seek removal of the case from State to Federal court upon becoming aware that there exists complete diversity between the parties **and** the amount of controversy exceeds seventy-five thousand dollars. See 28 U.S.C. §§1332(a)(1); 1446; see also Federal Courts Jurisdiction and Venue Clarification Act of 2011, H.R. 394 P.L. 112.  However, a Defendant only has thirty (30) days upon learning of the diversity of parties and amount of controversy exceeding seventy-five thousand dollars, to file its Notice of Removal. See 28 U.S.C. § 1446(b). A named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any

- 4 -

1  formal service.  See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48
2  (1999).

3      Removal must be made timely by Defendant to be proper.  The Ninth Circuit has held that
4  a failure to remove within thirty days constitutes a waiver of the right to remove.  See Cantrell
5  v. Great Republic Insurance Company, 873 F.2d 1249, 1256 (9th Cir. 1989).

6      The jurisdiction questionmust be analyzed on the basis of the pleadings filed at the time
7  of removal.  See Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1213
8  (9th Cir. 1998).

9      Furthermore, this Court itself stated in its ruling on a Motion for Reman in Marin v.
10  Target Corp. that a notice of removability under § 1446(b) "is determined through examination
11  of the four corners of the applicable pleadings, not through subjective knowledge or a duty to
12  make further inquiry."  Marin v. Target Corp. C.D.Cal. Sep. 9, 2020, No. 2:20-CV-3502-ODW
13  (PJWx) 2020 U.S.Dist.LEXIS 164554, at *3. quoting. Harris v. Bankers Life & Cas. Co., 425
14  F.3d 689, 694 (9th Cir. 2005). In looking at the pleadings as served on Defendant on June 11,
15  2020, the potential for removal was evidence on the face of the documents served onto
16  Defendant.

17      With regards to awareness of diversity of citizenship, Defendant must have been aware
18  from the Complaint that there was complete diversity of citizenship of the parties.  See
19  Complaint, at Page 1, ¶1, attached as Exhibit "1" to the Declaration of Sean M. Novak.
20  Furthermore, Defendant had sufficient notice through service of the Statement of Damages on
21  June 11, 2020 that the amount in controversy was greater than $75,000.  See Statement of
22  Damages, attached as Exhibit "3" to the Declaration of Sean M. Novak.

23      As a matter of law, service of the Statement of Damages with the Complaint by Plaintiff
24  on June 11, 2020 satisfies the statutory requirement of notice of the amount in controversy to
25  Defendant for purposes of calculating the deadline for removal.  See 28 U.S.C. §1446(c)(2);(3).
26  Pursuant to 28 U.S.C. §1446(c)(2), IF "removal of a civil action is sought on the basis of the
27  jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading

28

1  shall be deemed to be the amount in controversy."  Furthermore, Section 28 U.S.C.

2  1446(c)(3)(A) expressly states that

3           if the case stated by the initial pleading is not removable solely because

4           the amount in controversy does not exceed the amount specified in section

5           1332(a), information relating to the amount in controversy in the record of the

6           State proceeding, or in responses to discovery, shall be treated as an "other

7           paper" under subsection (b)(3)."

8       Based on these facts, Defendant clearly had sufficient notice at the time of service of

9  the Complaint and Statement of Damages on June 11, 2020 to determine whether the matter

10  could be removed to Federal court.  In spite of this knowledge, the Defendant inexcusably

11  waited over **Ninety-Two (92) days** to file its Notice of Removal.

12       A Defendant's motion for removal will be deemed untimely if the notice of removal

13  was filed more than 30 days after the date on which the Defendant knew indisputably that there

14  was complete diversity of citizenship between the parties. See Maniar v. Federal Deposit Ins.

15  Corp. 979 F.2d 782. (9th Cir. 1992). If the defendant knows or is on notice when the complaint

16  is served that grounds exist for removal, the time to remove runs from that date.  Id. There is no

17  reason to allow a defendant additional time if the presence of grounds for removal are

18  unambiguous in light of the defendant's knowledge and the claims made in the initial complaint.

19  See Fritsch v. Swift Transp. Co. of Ariz., LLC, 899 F.3d 785, 788 (9th Cir. 2018) Mielke v.

20  Allstate Ins. Co. 472 F. Supp. 851, 855 (ED MI 1979); Kaneshiro v. North American Co. for

21  Life & Health Ins. 496 F. Supp. 452, 460 (D HI 1980).

22       Defendant's delay in the present matter is legally inexcusable.  Failure to file a notice of

23  removal within the statute's time period is a sufficient ground on which to remand an action to

24  State court. See Things Remembered v. Petrarca, 516 U.S. 124, 128, (1995) (stating that remand

25  based on untimely removal is "precisely the type of removal defect contemplated by §

26  1447(c)."); see also 28 U.S.C. §§ 1446(b), 1447(c). As a matter of law the Defendant's motion

27  for removal will be deemed untimely if the notice of removal was filed more than 30 days after

28

1 the date on which the Defendant knew indisputably that there was complete diversity of

2 citizenship between the parties. See Gray v. Rite Aid Corp., 189 F. Supp. 2d 347 (D. Md. 2002).

3      Defendant claims in its Notice of Removal that it chose to delay removal while it sought

4 to determine Plaintiff's "domicile". See Notice of Removal, at Page 3, ¶11.  This is not a valid

5 excuse for delay.   If a case is removable from the outset, it must be removed within the initial

6 thirty-day period specified by § 1446(b); subsequent events do not make it 'more removable' or

7 'again removable.'" See Dunn v. Gaiam, Inc., 166 F. Supp. 2d 1273, 1278 (C.D. Cal. 2001).

8 Furthermore, this Court has held that "a defendant seeking to remove a case to federal court may

9 rely solely on an allegation of residence in the complaint because 'a person's residence is prima

10 facie evidence of domicile and citizenship.'" Marin v. Target Corp. C.D.Cal. Sep. 9, 2020, No.

11 2:20-CV-3502-ODW (PJWx) 2020 U.S.Dist.LEXIS 164554, at *4-5. *quoting* Lee v. BMW of

12 N.A, LLC, No. SACV 19-01722 JVS (ADSx), 2019 U.S. Dist. LEXIS 216086, 2019 WL

13 6838911, at *2 (C.D. Cal. Dec. 16, 2019) (finding allegation in defendant's notice

14 of [*5]  removal, based only on plaintiff's statement of residence in the complaint, was sufficient

15 to support removal based on diversity jurisdiction).

16      In Marin, this same Court found that that a defendant had exceeded the 30 days deadline

17 of removal by not filing a removal order after receiving plaintiff's complaint which clearly

18 alleged that plaintiff was a resident of California. Id. This Court found in Marin that the

19 Complaint put the defendant on sufficient notice that "the case was removable under diversity

20 jurisdiction because Marin's statement of her residence is prima facie evidence of her domicile."

21 Id.  The facts in Marin and in this instant matter are extremely similar. In both cases, Plaintiffs

22 clearly alleged in the first paragraph of their complaint that they are residents of California.

23 Furthermore, in both cases, Plaintiffs served their respective Defendants with a statement of

24 damages along with the complaint that alleged that Plaintiffs damages where over seventy-five

25 thousand dollars. It is also significant that in Marin and in this instant matter, Plaintiffs are

26 represented by the same firm. The language in the Complaints in the two cases as well as the

27 Statement of Damages are nearly identical.  A copy of this Court's Order to Remand Marin v.

28

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND TO STATE COURT PURSUANT
TO 28 U.S.C. §1447(c)

Target Corp. back to state court is attached as Exhibit "12" to the Declaration of Sean M. Novak.

Here, the Complaint clearly put Defendant on Notice that Plaintiff "was and is an individual who is a resident of the State of California, living in the County of Los Angeles in the State of California." See Complaint, at Page 1, ¶1. The Plaintiff's citizenship in California could not be more clearly alleged in the Complaint. As a matter of law, the "domicile" of the Plaintiff is NOT an issue to determine for purposes of removal. See Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). The court in Kantor focused analysis on the citizenship of the Plaintiff in evaluating whether removal was proper. Furthermore, statutes and case law do not say that Defendant must CONFIRM the information from Plaintiff regarding diversity and amount of controversy before bringing a removal motion.

Plaintiff clearly told Defendant that she was a citizen of the State of California and that the amount of controversy that she was claiming exceeded seventy-five thousand dollars as early as June 11, 2020. Defendant's failure to timely act on that information is inexcusable as a matter of law.

## C.   THE MATTER SHOULD BE REMANDED AS DEFENDANT WAIVED ITS RIGHT TO REMOVAL BY ENGAGING IN DISCOVERY FOR APPROXIMATELY THREE (3) MONTHS WHILE THE MATTER WAS PENDING IN STATE COURT

The law recognizes that a defendant may waive their right to remove a case to Federal court by "tak[ing] actions in state court that manifest his or her intention to have the matter adjudicated there, and to abandon his or her right to a federal forum." See Resolution Trust Co. v. Bayside Developers, 43 F.3d 1230, 1240 (9th Cir. 1994). In the present matter, the Defendant engaged in substantial written discovery in the State court matter for approximately three (3) months before filing its Notice of Removal. In so doing, the Defendant availed itself of broader written discovery rights than are provided under Federal rules.

On July 10, 2020 the Defendant served Form Interrogatories (Set One); Special Interrogatories (Set One); Requests for Admission (Set One) and Request for Production of

- 8 -

Documents (Set One) on Plaintiff.  <u>See</u> Defendant's State Court Discovery, attached as Exhibits "5" through "8" to the Declaration of Sean M. Novak.  This included over Fifty-Three (53) individual Form Interrogatories with subparts, Fifty-Two (52) Special Interrogatories and Fifty-One (51) Request for Admissions.  <u>Id.</u>  In total, Defendant served in excess of One Hundred and Fifty-Six (156) Interrogatories on Plaintiff, not including subparts.  <u>Id.</u>  Plaintiff responded to the written discovery on August 14, 2020.  <u>See</u> Declaration of Sean M. Novak, at ¶13.

In serving its Interrogatories in State court before removal, Defendant purposefully availed itself of written discovery permitted that is FAR in excess of the maximum number of Interrogatories the Defendant could serve under Rule 33(a)(1) of the Federal Rules of Civil Procedure.  Rule 33(a)(1) expressly states that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party **no more than 25 written interrogatories, including all discrete subparts**." (Emphasis added). Furthermore, Defendant even sent out state court subpoenas for Plaintiff's medical records even after filing for removal to federal court.

### III.

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this action be remanded to the Superior Court of the State of California for the County of Los Angeles and that the Clerk of the Court send a certified copy of the Order remanding to State Court to the Clerk of the State Court.

Date: October 7, 2020

THE NOVAK LAW FIRM, P.C.

By: 

Sean M. Novak, Esq.
Attorney for Plaintiff
LISA BRYANT

- 9 -

## PROOF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is: 8383 Wilshire Boulevard, Suite 634, Beverly Hills, California 90211.

On October 8, 2020, I served the foregoing document described as:

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR AN ORDER REMANDING CASE TO STATE COURT PURSUANT TO U.S.C. §1447(c); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SEAN M. NOVAK IN SUPPORT THEREOF AND [PROPOSED] ORDER FILED CONCURRENTLY HEREWITH**

on:

See attached.

in this action by placing a true original or copy thereof enclosed in a sealed envelope.

___  **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the addressee.

_X_  **BY MAIL:** I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Correspondence so collected and processed is deposited with the United States Postal Service that same day with postage thereon fully pre-paid at Beverly Hills, California in the ordinary course of business.

___  **BY ELECTRONIC MAIL:** I caused the above-listed document(s) to be transmitted electronically via LASC E-Filing System, addressed to all parties appearing on the electronic service list for the above-entitled case. The service transmission was reported as complete and a copy of the Filing Receipt Page/Confirmation will be maintained with the original document in this office.

_X_  **BY EMAIL:** I caused said document(s) to be transmitted by email to the email addresses indicated on the service list.

___  **BY TELECOPIER:** I caused said document(s) to be transmitted by facsimile to the facsimile numbers indicated on the service list.

___  **BY EXPRESS MAIL:** I caused said document(s) to be sent by overnight express mail to the address(s) indicated above.

_X_  (State) I  declare, under penalty of perjury, under the laws of the State of California and the United States of America, that the above is true and correct.  Executed on October 8, 2020 at Beverly Hills, California.

_Callissa Cornelius_
Callissa Cornelius

-1-

1

**<u>SERVICE LIST</u>**

2

Andrew O. Smith, Esq.
3   Michael F. Colbert, Esq.
PETTIT KOHN INGRASSI LUTZ & DOLIN PC
4   5901 W. Century Blvd. #1100
Los Angeles, CA 90045
5   T: 310-649-5772
F: 310-649-577
6   aosmith@pettitkohn.com
mcolbert@pettitkohn.com
7

8   Attorneys for Defendant WALMART, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE