O
JS-6

# United States District Court
# Central District of California

LISA BRYANT,

        Plaintiffs,

   v.

WALMART INC.; and DOES 1–99,

        Defendants.

Case № 2:20-CV-08328-ODW (Ex)

**ORDER GRANTING MOTION TO REMAND [10]**

## I.    INTRODUCTION

Defendant Walmart Inc. ("Walmart") removed this action from the Los Angeles County Superior Court on the basis of diversity jurisdiction. (Notice of Removal ("Notice") ¶¶ 8–14, ECF No. 1.) Now before the Court is Plaintiff Lisa Bryant's Motion to Remand on the grounds that removal was untimely under 28 U.S.C. § 1446(b). (Mot. to Remand ("Motion" or Mot."), ECF No. 10.) For the reasons below, the Court **GRANTS** Bryant's Motion to Remand.[1]

## II.    BACKGROUND

This case arises from Bryant allegedly slipping and falling while shopping at one of Walmart's retail stores. (*See* Notice Ex. 1 ("Complaint" or "Compl.") ¶ 9, ECF

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

No. 1-1.) On June 11, 2020, Bryant served Walmart with the Summons, Complaint, and Statement of Damages. (Notice ¶ 2; Decl. of Sean Novak ("Novak Decl.") ¶¶ 7–8, Ex. 2 ("Proof of Service"), ECF No. 11.) Bryant alleges in her Complaint that she is a "resident" of California. (Compl. ¶ 1.) In her Statement of Damages, she seeks $25,000,000 in general damages and $10,000,000 in special damages. (Novak Decl. Ex. 3 ("Statement of Damages"), ECF No. 11.) On August 14, 2020, Bryant responded to Walmart's interrogatories and stated that she is a citizen of California. (*See* Notice ¶ 8, Ex. 4 No. 45, Ex. 5 No. 45.) On September 11, 2020, Walmart removed the case to this Court based on diversity jurisdiction. (Notice ¶ 7.)

Bryant moves to remand this action on the ground that Walmart failed to remove the case within the thirty-day removal period set forth in 28 U.S.C. § 1446(a), which she contends began on June 11, 2020, when she served Walmart with the Complaint and Statement of Damages. (Mot. 1.)

### III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). The removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Id.*

"[A] notice of removal [must] be filed within thirty days of receipt from the plaintiff of an initial pleading or other document from which it is ascertainable that the

case is removable." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1124 (9th Cir. 2013) (citing 28 U.S.C. §§ 1446(b)(1), (b)(3)). Such "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). If the case is not removable based on the initial pleading, "a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

## IV. DISCUSSION

Bryant argues that Walmart's September 11, 2020 removal was untimely because the thirty-day removal period began to run on June 11, 2020, when Bryant served Walmart with the Complaint, in which Bryant alleges she is a California resident, and the Statement of Damages, in which she alleges damages in excess of $75,000. (Mot. 1–2.)[2] Walmart argues that removal was timely because the thirty-day removal period did not begin to run until August 14, 2020, when Bryant confirmed her citizenship and the amount in controversy through discovery responses. (Walmart's Opp'n to Mot. ("Opp'n") 2, ECF No. 15.)

### A. Diversity of Citizenship

Bryant asserts Walmart had notice of her California citizenship because she alleged in her Complaint that she is a resident of the State of California and lives in Los Angeles County. (*See* Mot. 5; Compl. ¶ 1.) Walmart responds that it was not on notice that Bryant was *domiciled* in California based purely on the allegation of residency, and contends that the "facts necessary for removal" must involve an express reference to Plaintiff's "citizenship" or "state of domicile." (Opp'n 4.)

---

[2] Bryant also argues Walmart waived its right to remove by engaging in state court discovery. (Mot. 8–9.) As the Court finds Walmart's removal untimely, it need not consider Bryant's waiver argument and declines to do so.

For purposes of diversity jurisdiction, a person's citizenship is determined by where she is domiciled, and a person's domicile is the location in which "she has established a 'fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely.'" *Lew v. Moss*, 797 F.2d 747, 749–50 (9th Cir. 1986) (alteration in original) (quoting *Owens. v. Huntling*, 115 F.2d 160, 162 (9th Cir. 1940)). Nevertheless, a defendant seeking to remove a case to federal court may rely solely on an allegation of residence in the complaint because "a person's residence is prima facie evidence of domicile and citizenship." *Lee v. BMW of N. Am., LLC*, No. SACV 19-01722 JVS (ADSx), 2019 WL 6838911, at *2 (C.D. Cal. Dec. 16, 2019) (finding an allegation of citizenship in the notice of removal, based on only plaintiff's statement of residence in the complaint, sufficient to establish diversity jurisdiction); *Marin v. Target Corp.*, No. 2:20-CV-3502-ODW (PJWx), 2020 WL 5407454, at *2 (C.D. Cal. Sept. 9, 2020) (same); *see also Anderson v. Watts*, 138 U.S. 694, 706 (1891) ("The place where a personlives [sic] is taken to be his domicile until facts adduced establish the contrary . . . .").

Bryant alleges in her complaint that "[a]t all relevant times Plaintiff . . . was and is an individual who is a resident of the State of California, living in the County of Los Angeles in the State of California." (Compl. ¶ 1.) Bryant's assertion of residence falls well in line with *Lee* and provided prima facie evidence of her domicile and citizenship in California.

**B.    Amount in Controversy**

Next, Bryant asserts that Walmart's September 11, 2020 removal was untimely because she served Walmart with her Statement of Damages on June 11, 2020, which put Walmart on notice that the amount in controversy exceeded the jurisdictional threshold. (*See* Mot. 5–6.) Walmart argues that Bryant's Statement of Damages lacked factual support, causing it to doubt the accuracy of the demand. (Opp'n 6.)

A plaintiff's statement of damages can constitute "other paper" within the meaning of section 1446(b) to trigger the thirty-day period for removal. *See, e.g.*,

*Brown*, 2016 WL 6781100, at *2 (concluding the defendant could "easily ascertain" the amount in controversy exceeded $75,000 from the plaintiff's statement of damages); *Cleveland v. West Ridge Academy*, 2015 WL 164592, at *5 (E.D. Cal. Jan. 13, 2015) (concluding that the thirty-day removal period was triggered by Plaintiff's Statement of Damages); *Zubair v. L'Oreal USA, Inc.*, No. 2:10-CV-01112-MCE (EFBx), 2010 WL 2925074, at *1 (E.D. Cal. July 23, 2010) (finding service of the statement of damages provided defendants with notice that damages exceeded the jurisdictional minimum). Moreover, a defendant's "subjective interpretation of the amount of a plaintiff's claim is not accorded much weight when determining the amount in controversy for purposes of jurisdiction." *See Zamora v. Lowe's Home Ctrs., Inc.*, No. C 14-02143 (EDL), 2014 WL 12647740, at *2 (N.D. Cal. July 11, 2014) (citation omitted) (rejecting the defendant's argument that the plaintiffs' damages claims were unsupported "puffery").

Here, Bryant placed Walmart on notice that the amount in controversy exceeded the jurisdictional minimum on June 11, 2020, when she served it with her Statement of Damages seeking $10,000,000 in special damages and $25,000,000 in general damages. (Statement of Damages 1.) Walmart's subjective skepticism as to Bryant's damages claims does not rebut that it could easily ascertain at that time that the amount in controversy exceeded $75,000. *See* 2016 WL 6781100, at *2. Moreover, the Court rejects Walmart's disingenuous claims that it lacked notice of the amount in controversy until it received Bryant's interrogatory responses on August 14, 2020. (Opp'n 2.) Bryant provided no more factual support for her damages in the interrogatory responses than she did in the Statement of Damages, so by Walmart's own logic, the Statement of Damages provided sufficient notice. (*Compare* Statement of Damages 1, *with* Notice Exs. 4&5.)

**C.    Summary**

In summary, Bryant served Walmart with the Complaint and Statement of Damages on June 11, 2020, which together provided sufficient notice of removability

to trigger the removal period. (*See* Notice ¶ 2; Proof of Service 1.) Thus, Walmart had thirty days from June 11, 2020, to remove this case. *See* 28 U.S.C. §§ 1446(b)(3), (c)(3). Walmart did not remove the action until September 11, 2020, well beyond the thirty-day deadline. (*See* Notice.) Consequently, Walmart's removal was untimely, and Bryant's Motion to Remand is **GRANTED**.

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** Bryant's Motion to Remand due to Walmart's untimely removal. (ECF No. 10.) The Court **REMANDS** this action to the Superior Court of the State of California, County of Los Angeles, Stanley Mosk Courthouse, 111 N. Hill St., Los Angeles, California, 90014, Case No. 20STCV14174. The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

March 4, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**